UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE TILRAY, INC. DERIVATIVE
LITIGATION,

Case No. 1:20-cv-04135-MKV
Member Case No. 1:20-cv-04618-MKV

**STIPULATION TO STAY AND [PROPOSED] ORDER**

Plaintiffs Bo Hu, Chad Gellner, Matthew Rufo, and Cindy Maloney[1] ("Plaintiffs"), derivatively on behalf of Nominal Defendant Tilray, Inc. ("Tilray"), and Defendants Brendan Kennedy, Mark Castaneda, Michael Auerbach, Rebekah Dopp, Maryscott Greenwood, and Christine St. Clare ("Individual Defendants") and with Tilray (collectively, the "Defendants"), and together with Plaintiffs (collectively, the "Parties"), jointly submit this Stipulation ("Stipulation") to temporarily stay the above-captioned shareholder derivative action (the "Action"), and in support thereof state as follows:

**WHEREAS**, on May 29, 2020, Plaintiff Bo Hu filed a shareholder derivative action on behalf of Nominal Defendant Tilray in this Court alleging breaches of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, violations of Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and for contribution under Sections 10(b) and 21D of the Exchange Act against the Individual Defendants in the action captioned *Hu v. Kennedy, et al.*, Case No. 1:20-cv-4135 (S.D.N.Y.) ("*Hu* Action");

---

[1] On March 14, 2022, the Court granted Plaintiff Melvin Klein's Unopposed Motion to Substitute Party Plaintiff, naming Cindy Maloney plaintiff in Mr. Klein's place. Dkt. #21.

**WHEREAS**, on June 16, 2020, Plaintiffs Chad Gellner, Matthew Rufo, and Melvyn Klein, filed a shareholder derivative action alleging substantially similar facts and making similar claims against the same Individual Defendants in the action captioned *Gellner, et al., v. Kennedy, et al.*, Case No. 20-cv-4618 (S.D.N.Y.) ("*Gellner* Action");

**WHEREAS**, on January 4, 2022, the United States District Court for the Southern District of New York granted the Parties' Joint Stipulation and Order Consolidating Related Shareholder Derivative Actions and Establishing Leadership Structure, which consolidated the *Hu* Action and the *Gellner* Action, with the *Hu* Action serving as the Lead Case under the caption *In re Tilray Derivative Litigation*;

**WHEREAS**, pending in the United States District Court for the Southern District of New York is a putative securities class action captioned: *Kasilingam v. Tilray, Inc., et al.*, Case No.: 20-cv-03459 (S.D.N.Y.) (the "Securities Class Action");

**WHEREAS**, Plaintiffs maintain that the Action has merit independent of and is not dependent on the ultimate outcome of the Securities Class Action;

**WHEREAS**, there is substantial overlap between the facts and circumstances alleged in the Action and the Securities Class Action, including the relevance of many of the same documents and witnesses;

**WHEREAS**, on September 27, 2021, the United States District Court for the Southern District of New York entered an Opinion and Order granting the defendants' motion to dismiss the amended complaint in the Securities Class Action without prejudice;

**WHEREAS**, on December 3, 2021, the lead plaintiff in the Securities Class Action ("SCA Plaintiff") filed a second amended complaint, and on February 2, 2022, the defendants moved to dismiss that second amended complaint;

2

**WHEREAS**, on September 28, 2022, the United States District Court for the Southern District of New York entered an Opinion and Order granting in part and denying in part the defendants' motion to dismiss the second amended complaint in the Securities Class Action (the "Second Securities Class Action Opinion");

**WHEREAS**, on October 12, 2022, the defendants in the Securities Class Action ("SCA Defendants") filed a Motion for Reconsideration and/or to Certify for Interlocutory Appeal ("Motion for Reconsideration") relating to the Second Securities Class Action Opinion;

**WHEREAS**, on August 21, 2023, the Court granted the SCA Defendants' Motion for Reconsideration and dismissed the Second Amended Complaint without prejudice, and granted the SCA Plaintiff leave to amend;

**WHEREAS**, on September 27, 2023, the SCA Plaintiff filed a Third Amended Complaint;

**WHEREAS**, on November 8, 2023, the SCA Defendants moved to dismiss the Third Amended Complaint, and briefing on the SCA Defendants' motion to dismiss was completed on January 26, 2024 and is currently pending;

**WHEREAS**, the United States District Court for the Southern District of New York in the Securities Class Action stayed discovery in that action pending the outcome of the SCA Defendants' motion to dismiss the Third Amended Complaint;

**WHEREAS**, on April 15, 2024, the Action and the Securities Class Action were reassigned to this Court;

**WHEREAS**, the Parties agree that a decision on the pending motion to dismiss the Third Amended Complaint in the Securities Class Action could have important implications for the efficient prosecution of the Action;

**WHEREAS**, pursuant to the Private Securities Litigation Reform Act ("Reform Act"), 15 U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" and, as a result, until final resolution of the motion to dismiss process in the Securities Class Action, the Securities Class Action will be stayed;

**WHEREAS**, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiffs and Defendants have agreed that, in light of the overlap between the Action and the Securities Class Action, and in light of the stay of proceedings which commenced by operation of law following the filing of the first motion to dismiss in the Securities Class Action and which continues through resolution of the motion to dismiss process in the Securities Class Action, that the Action should be voluntarily stayed on the terms set forth below unless and until either (a) the Securities Class Action is dismissed, with prejudice, and all appeals related thereto have been exhausted; or (b) the motion to dismiss the Third Amended Complaint in the Securities Class Action is denied in whole or in part, and the Reform Act stay dissolves as a matter of law; or (c) any of the Parties to this Stipulation gives a fifteen (15) day notice that they no longer consent to the voluntary stay of the Action;

**NOW THEREFORE**, it is hereby stipulated by and between the undersigned that:

1. The Action shall be stayed, and no Case Management Order issued, upon the Court's so-ordering this Stipulation as an Order of the Court.

2. The Parties agree that notwithstanding this stay of the Action, Plaintiffs may file an amended complaint; however, Defendants need not answer or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in or consolidated with the Action during the pendency of this stay.

3. Defendants agree that, in the event the parties to the Securities Class Action or to any related derivative action (including any demands or actions pursuant to 8 *Del. C.* § 220), whether threatened or filed, purportedly brought or threatened to be brought on behalf of Tilray arising from substantially similar facts and asserting substantially similar claims as this Action, whether filed in this Court or in another court (a "Threatened, Related Derivative Action" or a "Related Derivative Action"), agree to attend either a court-ordered settlement conference or party-scheduled mediation, Defendants shall provide Plaintiff with reasonable advance notice and shall invite Plaintiff to participate therein.

4. Defendants shall promptly notify Plaintiffs of any Threatened, Related Derivative Action or Related Derivative Action of which they become aware during the stay.

5. Defendants shall promptly notify Plaintiffs if any Related Derivative Action is not stayed for a similar or longer duration.

6. Upon occurrence of any of (a) the Securities Class Action is dismissed, with prejudice, and all appeals related thereto have been exhausted; or (b) the motion to dismiss the Third Amended Complaint in the Securities Class Action is denied in whole or in part, and the Reform Act stay dissolves as a matter of law; or (c) any of the Parties to this Stipulation gives a fifteen (15) day notice that they no longer consent to the voluntary stay of the Action, then the stay shall be lifted and the Parties shall notify the Court within fifteen (15) days after the occurrence of any of the events above.

7. By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein. Defendants preserve all rights, objections, and defenses, and Plaintiffs preserve all rights and claims.

Dated: July 31, 2024

| **BAKER & HOSTETLER LLP** | **THE BROWN LAW FIRM, P.C.** |
|---|---|
| /s/ *Douglas W. Greene* | /s/ *Timothy Brown* |

Douglas W. Greene (*pro hac vice*)
Genevieve G. York-Erwin
Zachary R. Taylor
45 Rockefeller Plaza-14th Floor
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
dgreene@bakerlaw.com
ztaylor@bakerlaw.com

*Counsel for Individual Defendants and Nominal Defendant Tilray, Inc.*

Timothy Brown
767 Third Avenue, Suite 2501
New York, New York 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
tbrown@thebrownlawfirm.net

**GAINEY McKENNA & EGLESTON**

 /s/ *Thomas J. McKenna*
Thomas J. McKenna
Gregory M. Egleston
260 Madison Avenue, 22nd Floor
New York, New York 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
tjmckenna@gme-law.com
gegleston@gme-law.com

*Co-Lead Counsel for Plaintiffs*

IT IS SO ORDERED this __9th__ day of __August__, 2024.

_____
HON. MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE